UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHN MOORE and ) | Case No. 11-02904-TOM-7 |
| MELISSA MOORE, ) | |
| ) | |
| Debtors ) | |

| | |
|---|---|
| JOHN MOORE and ) | |
| MELISSA MOORE, ) | |
| ) | A.P. No. 11-00231 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF ALABAMA ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the Amended Motion for Summary Judgment filed by Defendant State of Alabama Department of Revenue ("ADOR") and the Motion for Summary Judgment filed by John Moore and Melissa Moore ("Debtors"). After notice, a final hearing on both motions was held on October 17, 2011. Appearing at the hearing were Jack B. Long, attorney for the Debtors, and Mark Griffin, attorney for ADOR. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the district court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984, issued by the United States District Court for the Northern District of Alabama provides: The general order of reference entered July 16, 1984 is hereby amended to add that

States Code as defined in 28 U.S.C. § 157(b)(2)(A), (I) and (O).[2] This Court has considered ADOR's Amended Motion for Summary Judgment, the Debtors' Motion for Summary Judgment, arguments of counsel and the law and concludes as follows.[3]

## FINDINGS OF FACT[4]

The facts of this adversary proceeding are very simple. In the underlying Chapter 7 bankruptcy case filed by Debtors on June 3, 2011, ADOR has filed three claims: Claim 1 in the amount of $2,053.62 for income taxes owed for 2007; Claim 2 in the amount of $2,600.85 for income taxes owed for 2008; and Claim 3 in the amount of $660.15 for income taxes owed for 2009. The tax liabilities for each year came due on or before April 15th of the following calendar year, and according to the exhibits attached to ADOR's Motion for Summary Judgment, were all assessed on March 10, 2011. ADOR contends that the debt is priority debt under Section 507(a)(8)(A)(i) and/or (a)(8)(A)(ii) and thus excepted from discharge pursuant to Section 523(a)(1)(A). In their Motion for Summary Judgment Debtors agree that the debts are "of the type and kind described in 11 U.S.C.

---

there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. § 157(b)(2) provides:
(b)(2)Core proceedings include, but are not limited to–
    (A) matters concerning the administration of the estate;
    (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death.

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[Section] 523(a)(1)(A)," but because the returns were either filed timely or at least two years before the bankruptcy filing date, and because Debtors did not make any effort to evade or defeat the taxes, the debt is dischargeable.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure[5] provides that:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is not a genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a summary judgment motion should be granted, the Court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "'[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc)(quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Once the moving party has satisfied its burden of proof by proving the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to offer evidence of specific facts which prove the existence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993).

Exceptions to discharge are found in Section 523. More specifically, certain tax debts are

---

[5]Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

3

exempted from discharge under Section 523(a):

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>   (1) for a tax or a customs duty--
>     (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
>     (B) with respect to which a return, or equivalent report or notice, if required--
>       (i) was not filed or given; or
>       (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
>     (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]

11 U.S.C. § 523(a)(1). Debtors contend that their tax returns for 2007, 2008 and 2009 were filed more than two years before their bankruptcy filing and that they did not attempt to evade or defeat the taxes. That may be so, but as Debtors admit in their Motion for Summary Judgment the taxes are of the kind described in Section 523(a)(1)(A), in turn referencing Sections 507(a)(8) which in relevant part provides:

> (a) The following expenses and claims have priority in the following order:
> . . .
>   (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--
>   (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition--
>     (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>     (ii) assessed within 240 days before the date of the filing of the petition, exclusive of--
>       (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
>       (II) any time during which a stay of proceedings against collections was in effect in a prior case

4

>              under this title during that 240-day period, plus 90
>              days; or
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or
> 523(a)(1)(C) of this title, not assessed before, but assessable, under
> applicable law or by agreement, after, the commencement of the
> case[.]

11 U.S.C. § 507(a)(8)(A). A tax debt meeting the requirements of either Section 523(a)(1)(A), (B), or (C) cannot be discharged; it is not necessary for the debt to fit into more than one subsection. It has been recognized that "just because [the taxes] do not fall within the Section 523(a)(1)(B)(ii) exception does not preclude falling within the Section 523(a)(1)(A) exception." *Severo v. Comm'r*, 586 F.3d 1213, 1218 (9th Cir. 2009) *aff'g* 129 T.C. 160, 174 (2007).[6]

Based on the State of Alabama Department of Revenue Notices of Final Assessment of Individual Income Tax attached to ADOR's Motion for Summary Judgment, the taxes for all three years were assessed on March 10, 2011, or 85 days before Debtors' bankruptcy filing date. There is no genuine issue of material fact as to when these taxes were assessed, there is no question that

---

[6] In fact, in the decision appealed to the Ninth Circuit, the United States Tax Court noted:

> Bankruptcy Code sec. 523(a)(1) sets forth four different, disjunctive provisions
> for exception from discharge, any one of which will disqualify taxes from
> bankruptcy discharge, as follows: (1) Taxes for which a return was due within a
> 3–year period lookback before the date the bankruptcy petition was filed,
> Bankruptcy Code sec. 523(a)(1)(A), cross-referencing Bankruptcy Code sec.
> 507(a)(7); (2) taxes for which a return generally was due earlier than the 3–year
> lookback period before the date the bankruptcy petition was filed but for which a
> return was filed late and within a 2–year lookback period before the bankruptcy
> petition was filed, Bankruptcy Code sec. 523(a)(1)(B)(ii); (3) taxes for which a
> return was never filed, Bankruptcy Code sec. 523(a)(1)(B)(i); or (4) taxes for
> which a fraudulent return was filed or with respect to which a debtor in
> bankruptcy willfully attempted to evade or defeat tax, Bankruptcy Code sec.
> 523(a)(1)(C).

*Severo v. Comm'r*, 129 T.C. 160, 174 (2007), *aff'd* 586 F.3d 1213 (9th Cir. 2009).

Section 523(a)(1)(A) referencing Section 507(a)(8)(A)(ii) is squarely applicable, and thus there is no question that these taxes are not dischargeable.

The 2008 and 2009 taxes are nondischargeable for another reason. Section 507(a)(8)(A)(1) addresses taxes for which a return is last due within the three year period before the bankruptcy filing date. The returns for the 2008 and 2009 tax years were due April 15, 2009, and April 15, 2010, respectively. Debtors filed this case in June 2011, less than three years after April 15, 2009.

Section 523(a)(1)(B) concerns tax returns that were either late filed or not filed at all, while Section 523(a)(1)(C) concerns fraudulent tax returns or willful attempts to evade or defeat such taxes; neither subsection is applicable in this adversary proceeding. The cases cited by Debtors examine dischargeability under these two subsections; none directly discuss exception from discharge pursuant to Section 523(a)(1)(A) which is the subsection under which ADOR claims the debts are nondischargeable. Debtors have cited no authorities directly in support of their position.

Based on these findings and conclusions, the Court finds that the Debtors' Motion for Summary Judgment is due to be denied and ADOR's Amended Motion for Summary Judgment is due to be granted.

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Motion for Summary Judgment filed by Debtors is **DENIED** and the Amended Motion for Summary Judgment filed by ADOR is **GRANTED**. A separate Judgment, consistent with this Memorandum Opinion, and pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, will be entered.

Dated: November 14, 2011

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge